| | | |
|---|---|---|
| **AMY HAMM, on behalf of herself and** | § | |
| **all others similarly situated,** | § | |
| | § | |
| | § | **Case No. 3:21-cv-00550** |
| *Plaintiff*, | § | |
| | § | **JURY DEMANDED** |
| **v.** | § | |
| | § | **Class and Collective Action** |
| **ACADIA HEALTHCARE CO., INC.** | § | |
| **and ACADIA MANAGEMENT** | § | |
| **COMPANY, LLC ,** | § | |
| *Defendants*. | § | |

## FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

1.      Plaintiff, Amy Hamm ("Plaintiff"), brings this Class and Collective action on behalf of herself and other similarly situated individuals who have worked for Acadia Healthcare Company, Inc. and Acadia Management Company, LLC, ("Defendants" or "Acadia Healthcare") as non-exempt employees involved with patient care ("Patient Care Workers") at any time in any state, other than Louisiana, from July 27, 2016, until resolution of this action. Throughout the relevant time period of this action, Plaintiff and similarly situated Class and Collective members have been denied payment for hours worked, including overtime, and denied *bona fide* meal periods. This case implicates Defendants' longstanding policies and practices across all of its healthcare facilities around the country, which fails to properly compensate non-exempt employees for hours worked during meal periods.

2.      Employers are not required to pay employees for meal periods if the employer can satisfy its burden of demonstrating the employee received a *bona fide* meal period which primarily benefits the employee. Defendants do not provide *bona fide* meal periods for their Patient Care

Workers. Defendants' Patient Care Workers are required to remain available for work throughout their shift including during unpaid meal breaks. Defendants' Patient Care Workers are required to remain responsible for patient care throughout their shift and are expected to perform duties while "off-the-clock," including during unpaid meal breaks. Instead of making sure their Patient Care Workers are fully and completely relieved of their duties during these unpaid 30-minute meal breaks, Defendants assume these Patient Care Workers are able to find a 30-minute block of time to enjoy a *bona fide* meal period. In fact, this does not occur. Nonetheless, Defendants expect, require, and/or permit these Patient Care Workers to remain available and to be responsive to patient needs throughout their entire shifts, including during unpaid meal breaks, meaning these workers remain on-duty and subject to interruption during that time. While Defendants' various locations around the country have used differing mechanisms to enact this cost-shaving scheme, whether by automatically deducting time from the workers' time records to account for an unpaid meal break or by requiring the workers to manually clock-out for meal breaks, the overall effect and policy/practice is the same: these workers are required to remain on-duty during their unpaid meal breaks in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("the FLSA") and Texas law. Defendants instituted policies and practices that result in Patient Care Workers being responsible for patient care throughout their shift, even when they attempt to have a bite to eat.

3.     Even when Patient Care Workers are not interrupted during meal periods, they are still subject to interruption and remain on-duty since they remain responsible for their patients and are required to respond to emergency situations at all times while on-premises, including during unpaid meal breaks. Under these policies and practices, Patient Care Workers are subject to work

throughout their entire shift, including unpaid meal periods, and are thus, entitled to compensation for these meal periods whether interrupted or not.

4.      Defendants' policies and practices result in Patient Care Workers being denied wages due under the FLSA and Texas law. Defendants violate the FLSA and Texas law by knowingly and willfully requiring Plaintiff, Class and Collective members to perform work and/or remain on-duty in a standby capacity during their unpaid meal periods. Defendants have notice that Plaintiff, Class and Collective members expect to be paid for their work on an hourly basis. Defendants receive the value of Plaintiff's, Class and Collective members' work performed during their meal periods and while "off-the-clock" without compensating them for their services. Defendants willfully, deliberately, and voluntarily fail to pay Plaintiff, Class and Collective members for all hours worked.

5.      Defendants, including all of the facilities under Acadia Management Company, LLC's common management and control nation-wide, violated and continue to violate the law due to the mandate that non-exempt employees, such as Plaintiff and the putative Class and Collective members, be paid for all hours worked, and be paid at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty within a single workweek.

6.      In addition, Plaintiff, Class and Collective members are required to work additional time while off-the-clock outside of their scheduled shifts to keep up with the demands of the job. Defendants know and are informed that Plaintiff, Class, and Collective members perform this off-the-clock work but fail to pay them at the applicable hourly and overtime rates for this work time. This practice likewise violates the law.

7.      Therefore, Plaintiff files this action to recover on behalf of herself, Class and Collective members, all unpaid wages, compensation, penalties, and other damages owed to them

under the FLSA as a 29 U.S.C. § 216(b) collective action, and under Texas law as a class action pursuant to Federal Rule of Civil Procedure 23, in order to remedy the sweeping policies which Defendants have implemented and which have deprived Plaintiff, Class and Collective members of their lawfully-earned wages.

## SUBJECT MATTER JURISDICTION AND VENUE

8.      This court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA.

9.      This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367. Plaintiff's state law claims are not preempted by the FLSA because Plaintiff seeks to recover wages under Texas state law to the extent those state law claims do not overlap with the FLSA's overtime provisions, including gap time claims for regular, non-overtime wages owed and overtime claims that fall outside of the FLSA's statute of limitations.

10.      This court also has subject matter jurisdiction over Plaintiff's state law causes of action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA"). Under CAFA, this court has original jurisdiction over Plaintiff's Rule 23 class action claims because the matter in controversy is believed to exceed $5,000,000, and because Plaintiff and Defendants are citizens of different states. Moreover, the number of proposed class members in the Texas class is believed to exceed 100.

11.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because Defendant Acadia Healthcare Company, Inc. resides in this district, and all Defendants are believed to have their principal places of business located in Tennessee, and are therefore all residents of Tennessee.

## **PARTIES**

Plaintiff, Amy Hamm, is an individual residing in River Ridge, Jefferson Parish, Louisiana and is a citizen of Louisiana. Plaintiff was employed by Defendants as a nurse at Red River Hospital in Wichita Falls, Texas.[1]

12.     Acadia Healthcare Company, Inc. is a Delaware corporation with its principal place of business at 6100 Tower Cir, Suite 1000, Franklin, Tennessee 37067-1509. Acadia Healthcare Company, Inc. has appeared in this action by filing an Answer. Acadia Healthcare Company, Inc., by and through its vast web of subsidiaries, owns and controls behavioral hospitals and health facilities throughout the United States, including but not limited to Red River Hospital in Texas. Acadia Management Company, LLC is a Delaware corporation with its principal place of business at 6100 Tower Cir, Suite 1000, Franklin, Tennessee 37067-1509. Acadia Management Company, LLC may be served with process via its registered agent: C T Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919-5546. Acadia Management Company, LLC is the management and operational arm of Acadia Healthcare Company, Inc. Acadia Management Company, LLC is a wholly owned subsidiary of Acadia Healthcare Company, Inc. and it is responsible for dictating the terms and conditions of the "day to day" employment at the facilities where Plaintiff and Class and Collective Members work.

13.     Upon information and belief, Defendants created a complex web of shell companies to superficially "own" more than 500 healthcare facilities around the country. All the while,

---

[1] Plaintiff's individual FLSA claims and her corresponding Louisiana state law claims that arose during her experience working at River Place Behavioral in Louisiana are the subject of a separate lawsuit, *Hamm v. Acadia LaPlace Holdings, LLC*, No. 20-1515, Section "E", In the United States District Court for the Eastern District of Louisiana. Plaintiff is not seeking double recovery for those individual claims herein, but in this action only seeks recovery for her individual claims that arose during her employment with Defendants in Texas.

Defendants direct and control those shell companies in a manner that suits their interests. For example Acadia Management Company, LLC oversees services at the facilities where Plaintiff, Class and Collective Members work; maintains the human resources information system for each of these facilities where Plaintiff, Class and Collective Members work; reviews and approves the facilities' payroll; and provides legal support and guidance to these same facilities. In fact, Acadia Management Company, LLC was involved in setting and approving Plaintiff Hamm's pay rates.

14. The FLSA Collective members are people who are or who have been employed as a Patient Care Worker at any location owned or operated by Defendants including but not limited to Red River Hospital in Wichita Falls, Texas, during the time period from August 15, 2017 through resolution of the action.

15. The Texas Class members are people who are or who have been employed by Defendants as Patient Care Workers at any location in the state of Texas during the period from August 15, 2016 through resolution of the action.

16. At all material times, Defendants have been employers within the meaning of the FLSA under 29 U.S.C. § 203(d).

17. At all material times, Defendants have been an enterprise within the meaning of the FLSA under 29 U.S.C. § 203(r).

18. Plaintiff, Class and Collective members were and are Defendants' employees within the meaning of 29 U.S.C. § 203(e).

19. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have

been moved in or produced for commerce by any person. 29 U.S.C. § 203(s)(1). Defendants acted as joint employers of Plaintiff, Class, and Collective members because all Defendants jointly, directly or indirectly, controlled the employment terms, pay practices, timekeeping practices, and daily work of Plaintiff, Class, and Collective members. Defendants jointly exercise significant control over the terms and conditions of Plaintiff, Class, and Collective members' work and otherwise act directly or indirectly in the interest of an employer.

20.     Here, Defendants have had, and continue to have, an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 26 U.S.C. § 203(s)(1)(A)(ii).

21.     In addition to Plaintiff, Defendants have employed numerous other employees, who like Plaintiff, are or were non-exempt employees engaged in interstate commerce or in the production of goods for commerce, or are or were employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person. Further, Defendants are engaged in interstate commerce since they order supplies across state lines, conduct business deals with merchants across state lines, and process patient credit cards with banks in other states.

22.     At all material times, Plaintiff, Class and Collective members are or were employees who engaged in commerce or in the production of goods for commerce or are or were employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce as required by 29 U.S.C. § 207.

## FACTS

23.     Defendant Acadia Healthcare Company, Inc. is a multinational behavioral health care provider—it owns, operates, and/or manages more than 500 behavioral hospitals and healthcare facilities throughout the United States, including facilities in Texas.

-7-

24.     Defendant Acadia Management Company, LLC is the management and operational arm of Acadia Healthcare Company, Inc. Acadia Management Company, LLC. It is responsible for developing and implementing Acadia's terms and conditions of employment at the more than 500 behavioral hospitals and healthcare facilities throughout the United States owned by Acadia Healthcare Company, Inc. Acadia Management Company, LLC  is a wholly owned subsidiary of Acadia Healthcare Company, Inc. The CEOs and CFOs at the facilities where Plaintiff and Class and Collective member work are Acadia Management Company LLC employees.

25.     Defendants employ thousands of Patient Care Workers across a network of commonly owned and operated healthcare facilities around the country.

26.     Defendants utilize a common payroll policy and/or practice of not compensating Patient Care Workers for work performed during their unpaid meal periods, subjecting them to interruptions and requiring them to remain on duty during those meal periods. Defendants do not pay Patient Care Workers for their 30-minute meal periods during their shifts despite the fact that they are required to remain vigilant, responsive, and on-duty for any patient needs that might arise during their unpaid meal breaks due to their inherent ethical obligations to their patients, and in adherence to Defendants' directives and policies that "patient care comes first no matter what."

27.     While the specific mechanism for recording these unpaid meal breaks may differ from facility to facility, the overall effect and scheme is the same: as Defendants routinely and regularly require Patient Care Workers to remain on-duty and subject to interruption during their unpaid meal breaks, improperly shifting the burden from employer to the individual employees to ensure they are properly paid for all hours worked.

28.     For example, at Red River Hospital in Wichita Falls, Texas, Patient Care Workers are superficially given the option to clock-out for lunch if they leave Defendants' premises for

their meal break, but in reality this rarely occurs due to the high demands of patient care and the Patient Care Workers' inherent ethical responsibility to remain vigilant and responsive to the needs of their patients throughout their shifts. If a Patient Care Worker does not manually clock-out for their meal break, Defendants apply an automatic time deduction policy that removes the equivalent of 30 minutes of time from the workers' timekeeping records. At other facilities Defendants require Patient Care Workers to manually clock out for their unpaid meal breaks but nevertheless require them, as a measure of the workers' known ethical obligations to their patients, to remain on-duty and subject to interruption throughout their unpaid meal breaks. This overall unpaid meal break policy applies to all hourly-paid, non-exempt workers who are responsible for patient care, regardless of the location where those employees work.

29. Class and Collective members are not effectively permitted to take a 30-minute uninterrupted and *bona fide* meal period due to the high demands of their jobs during the majority of their shifts. In the rare instances where they attempt a meal break, they remain on-duty in that they are required, by their inherent ethical obligations and Acadia policy that patient care staff must always put patient care first, patient neglect policies, to respond to calls from their patients, doctors, supervisors, patients' families, other facility staff, attend to the normal demands of the job, and otherwise respond to emergencies that might arise in a healthcare facility environment.

30. Defendants encourage interruptions to Class and Collective members' unpaid meal periods by requiring Class and Collective members to remain vigilant and responsive to the needs of their patients at all times, to remain ready at all times to respond to calls/codes/emergencies, and by instituting policies and/or practices that require Class and Collective members to make patient care their overall top priority. Defendants permit management or other healthcare workers to interrupt Patient Care Workers' meal periods at any time. In practice, management discourages

Patient Care Workers from reporting missed or interrupted meal periods. Patient Care Workers are rarely paid for such hours as a result. These policies and practices apply to all Patient Care Workers across all of Acadia Healthcare Company, Inc.'s facilities.

31.    Defendants employed Plaintiff as a nurse and her regular hourly rate of pay was $35.70 per hour. Plaintiff worked for Defendants at the Red River Hospital location in Wichita Falls, Texas from approximately February 2015 to December 2019.[2]

32.    Moreover, Plaintiff's, Class, and Collective members' off-the-clock work includes monitoring patients, assisting hospital staff, charting, prepping and organizing equipment, and other various tasks performed before clocking in and/or after clocking out for their shifts. Plaintiff, Class, and Collective members are not compensated for this work performed outside of their recorded hours. Defendants know and are aware of the work performed while off-the-clock, because such work occurs due to Defendants' strict overtime policies, and because Class and Collective members have raised the off-the-clock issue with supervisors/managers on multiple occasions.

33.    During the course of her employment, Plaintiff learned that Defendants' policies and practices giving rise to the wage-and-hour violations alleged herein have the same effective result across their facilities, regardless of location.

34.    Class and Collective members were and are employed by Defendants and perform work materially similar to Plaintiff.

35.    Plaintiff, Class and Collective members perform their jobs under Defendants' supervision and using materials and technology approved and supplied by Defendants.

---

[2] Plaintiff later worked at the River Place Behavioral Health in LaPlace, Louisiana, an Acadia Healthcare Company, Inc.-affiliated facility, from approximately December 2019 to September 2020.

36.     Acadia Healthcare Company, Inc., through Acadia Management Company, LLC implements the common timekeeping, payroll, meal break, off-the-clock, and overtime policies throughout its healthcare facilities nation-wide, which Class and Collective members are subjected to and required to follow. For example, Acadia Management Company, LLC's legal team is involved in the process of drafting those policies and handbooks that govern the terms and conditions of Plaintiff, Class and Collective members' employment.

37.     Plaintiff, Class and Collective members are required to follow and abide by Defendants' common patient care, work, time, pay, meal and rest break, and overtime policies and procedures in the performance of their jobs.

38.     At the end of each pay period, Plaintiff, Class and Collective members receive wages from Defendants that are determined by common systems and methods that Defendants select and control and which are reviewed and managed by Acadia Management Company, LLC.

39.     Defendants pay Plaintiff, Class and Collective members on an hourly rate basis.

40.     Plaintiff worked more than forty hours in at least one workweek during the period beginning August 15, 2017 through the filing of this Complaint. On average, Plaintiff estimates she worked approximately 52 hours per week each workweek.

41.     Each putative Collective member worked more than forty hours in at least one workweek during the period beginning August 15, 2017 through the filing of this Complaint.

42.     Defendants do not pay Plaintiff, Class and Collective members one and one-half times their regular hourly rate for all overtime hours worked when those employes work more than forty hours in a workweek. Defendants fail to include time worked during unpaid meal periods into the total hours worked in a given work week, as well as time worked before clocking in and/or after clocking out for their shifts. This unpaid time is compensable under the FLSA and Texas

common law because (1) Plaintiff, Class, and Collective members are required to remain on-duty, or otherwise are not completely relieved of their duties, during their unpaid meal breaks, (2) they are interrupted or subject to interruption with work duties during any attempted meal period, and/or (3) they entirely skip the unpaid meal periods due to work demands.

43.     Throughout the relevant time period, Defendants expected and required Plaintiff, Class and Collective members to be available to work during their entire shifts, even during any attempted unpaid meal breaks. These 30-minute intervals of time constitute compensable time under the FLSA and Texas Common Law, which require that employers compensate employees for all time worked.

44.     Defendants have employed thousands of people similarly situated to Plaintiff during the three-year period preceding Plaintiff's pursuit of her FLSA causes of action.

45.     Defendant's method of paying Plaintiff, Class and Collective members was willful, and was not based on a good faith and reasonable belief that its conduct complied with the FLSA or Texas Common Law. Upon information and belief, Acadia Healthcare Company, Inc. and their subsidiaries have been sued multiple times under the FLSA for similar wage-and-hour violations.

## FLSA COLLECTIVE ACTION ALLEGATIONS

46.     Plaintiff brings this Complaint as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of the following class of individuals:

> **All current and former hourly, non-exempt employees involved with patient care, including but not limited to nursing staff, nurses, nursing assistants, nurse aides, technicians, clerks, non-exempt therapists, or other non-exempt employees with similar job duties employed at any facility operated by Defendant Acadia Healthcare Company, Inc. during the time period beginning July 27, 2018 until resolution of this action (the "Collective").**

47.     Defendants have not compensated these employees for the unpaid meal periods as described above.

48.     Per 29 U.S.C. § 216(b), this action may be brought as an "opt-in" collective action for the claims asserted by Plaintiff because her claims are similar to the claims possessed by Collective members.

49.     Plaintiff has actual knowledge that Collective members have been denied compensation for hours worked, including meal periods worked, interrupted, or subject to interruption. In addition, Plaintiff has actual knowledge that Collective members have also been denied overtime pay for this work and would therefore likely join this collective action if provided a notice of their rights to do so, together with a clear statement that opting to join such an action would not result in termination or other forms of retaliation.

50.     Plaintiff is similarly situated to Collective members. Like Plaintiff, Defendants subjected Collective members to their common practice, policy, or plan of refusing to pay overtime for all work performed in clear violation of the FLSA.

51.     Other Patient Care Workers similarly situated to Plaintiff work, or have worked, for Defendants but were not paid overtime at the rate of one and one-half times their regular hourly rate when those hours exceeded forty per workweek for unpaid meal periods that were missed, interrupted due to work demands, or subject to interruption.

52.     Although Defendants permitted and/or required Collective members to work in excess of forty hours per workweek, Defendants have denied them full compensation for their hours worked over forty for  unpaid meal periods that were missed, interrupted due to work demands, or subject to interruption.

53.     Collective members perform or have performed the same or similar work as Plaintiff involving patient care.

54.     Collective members regularly work or have worked in excess of forty hours during a workweek.

55.     Collective members are not exempt from receiving overtime compensation under the FLSA.

56.     Defendants' failure to pay overtime compensation as required by the FLSA resulted from generally applicable policies and practices and did not depend on the personal circumstances of Collective members.

57.     Although Plaintiff and Collective members may have different job titles and/or work in different departments or facilities, this action may be properly maintained as a collective action on behalf of the defined Collective because, throughout the relevant time period:

    a. Defendants maintained common scheduling systems and policies with respect to Plaintiff and Collective members, controlled the scheduling systems and policies implemented throughout their facilities and retained authority to review and revise or approve the schedules they assigned to Plaintiff and Collective members;

    b. Defendants maintained common timekeeping systems and policies with respect to Plaintiff and Collective members;

    c. Defendants maintained common overtime policies and practices with respect to Plaintiff and Collective members;

    d. Defendants maintained common payroll systems and policies with respect to Plaintiff and Collective members, controlled the payroll systems and policies

-14-

applied to Plaintiff and Collective members, and set Plaintiff's and Collective members' pay rates; and

 e. Defendants controlled the meal period work policies and practices at issue in this litigation and have the ability to deprive Plaintiff and Collective members of wages owed for meal period work they performed.

58. The specific job titles or precise job responsibilities of each Collective member does not prevent collective treatment.

59. Collective members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek for unpaid meal periods that were missed, interrupted due to work demands, or subject to interruption.

60. Although the exact amount of damages may vary among Collective members, the damages for Collective members can be easily calculated, summed, and allocated based on a simple formula.

61. Plaintiff's and Collective members' claims arise from a common nucleus of operative facts; namely, Defendants' continued and willful failure to comply with their obligations to legally compensate their employees. Liability is based on Defendants' systematic course of wrongful conduct that caused harm to all Collective members. Defendants have a plan, policy or practice of not paying Plaintiff and Collective members for unpaid meal periods that were missed, interrupted due to work demands, or subject to interruption.

62. As such, the Collective of similarly situated Plaintiffs is properly defined as stated above. Plaintiff estimates the Collective, including both current and former employees over the relevant time period, will include upwards of 1000 people or more. The precise number of Collective members should be readily available from Defendants' personnel, scheduling, time and

payroll records, and from input received from Collective members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b). The names and addresses of the Collective members are discoverable from Defendants' records. Given the composition and size of the Collective, notice may be provided via First Class Mail, e-mail, text message, and other modes of notice similar to those customarily used in representative actions.

## RULE 23 CLASS ACTION ALLEGATIONS

63.     Plaintiff brings causes of action as a class action on behalf of herself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3). The Texas Class that Plaintiff seeks to represent is defined as follows:

> **All current and former hourly, non-exempt employees, providing patient care, including but not limited to nursing staff, nurses, nursing assistants, nurse aides, technicians, clerks, non-exempt therapists, or other employees with similar job duties employed by any hospital or healthcare facility owned or operated by Acadia Healthcare Company, Inc. and/or Red River Hospital, LLC within the state of Texas at any time beginning July 27, 2016 until resolution of this action (the "Texas Class").**

64.     This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

65.     Numerosity: The potential members of the class are so numerous that joinder of all the members of the Class is impracticable. Plaintiff is informed and believes that the number of Texas Class members exceeds 40 and is believed to exceed 100. This volume makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual member of the Texas Class as a plaintiff in this action is impracticable. Furthermore, the identities of the Texas Class will be determined from Defendants' records, as

-16-

will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Texas Class and Defendants.

66.    <u>Commonality</u>:  There are questions of law and fact common to Plaintiff and the Texas Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, but are not limited to:

      i.  Whether Defendants had a policy and practice of requiring patient care workers to remain on duty during unpaid meal periods;

      ii.  Whether workers' remaining available to tend to patient health and safety issues provides a valuable service to Defendants;

      iii.  Whether Defendants directed, required, requested, expected, and/or permitted Plaintiff and Texas Class members to work during unpaid meal periods;

      iv.  Whether Defendants knew or should have known that Plaintiff and Texas Class members were not compensated for work performed during unpaid meal periods;

      v.  Whether agreements (verbal or written) existed between Plaintiff and Texas Class members concerning payment for work performed during unpaid meal periods, and whether Defendants breached such agreements;

      vi.  Whether Defendants directed, required, and/or permitted Plaintiff and Texas Class members to work while off-the-clock;

vii. Whether Defendants knew or should have known that Plaintiff and Texas Class members were not compensated for work performed while off-the-clock;

viii. Whether agreements existed between Plaintiff and Texas Class members concerning payment for work performed during unpaid meal breaks and for work performed while off-the-clock, and whether Defendants breached such agreements;

ix. Whether Defendants derived a benefit from the patient care workers being required to respond to the needs of patients during their unpaid meal periods pursuant to professional codes of conduct and Defendant's policies;

x. Whether valuable services were rendered to Defendants by the Plaintiff and Texas Class members during unpaid meal period times, and whether Defendants accepted the benefit of Plaintiff's and Texas Class members' unpaid services;

xi. Whether Defendants are unjustly enriched by Plaintiff's and Texas Class members' unpaid work; and

xii. The proper measure of damages, including whether the reasonable value of such services can be based on the agreed upon hourly rate of pay.

67. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the Texas Class because Plaintiff's claims arise from the same course of conduct and legal theories as the claims of the Texas Class members. Like the Texas Class members, Plaintiff worked as a Patient Care Worker for Defendants during the relevant time period. Like the Texas Class members, Plaintiff was

subject to the identical company-wide policy requiring patient care staff to remain on duty during meal periods and was subject to interruption during such times. Like the Texas Class members, Plaintiff was subject to the same professional code of conduct and company timekeeping and payroll policies requiring patient care staff to tend to the care of their patients even during the unpaid meal periods. The other facts outlined above likewise apply equally to both the Plaintiff and Texas Class members.

68.     <u>Adequacy of Representation</u>:  Plaintiff seeks relief for the past and prospective state law violations that were perpetrated by Defendants. In that sense, Plaintiff does not have any conflicts of interest with other Texas Class members and will prosecute the case vigorously on behalf of the Texas Class. Counsel representing Plaintiff is competent and experienced in litigating complex cases and large class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the Texas Class members.

69.     <u>Superiority of Class Action</u>:  A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Texas Class members is not practicable, and questions of law and fact common to the Texas Class predominate over any questions affecting only individual members of the Texas Class. Each proposed Texas Class member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

70.     In the alternative, the Texas Class may be certified because the prosecution of separate actions by the individual members of the Texas Class would create a risk of inconsistent

or varying adjudication with respect to individual members of the Texas Class which would establish incompatible standards of conduct for Defendants.

71.     If each individual Texas Class member was required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each member of the Texas Class with Defendants' vastly superior financial legal resources.

72.     Requiring each individual Texas Class member to pursue an individual remedy would also discourage the assertion of lawful claims by the Texas Class members who would be disinclined to pursue these claims against Defendant because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being.

**FIRST CAUSE OF ACTION**
**Violations of 29 U.S.C. § 207**
**Failure to Pay Overtime Compensation for On-Duty Unpaid Meal Periods**
**(FLSA Collective Action)**

73.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

74.     Plaintiff and Collective members are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b).

75.     The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular hourly rate for all hours worked in excess of forty hours per week.

76.     Throughout the relevant time period, Defendants exercised a policy permitting and encouraging management, other employees, physicians, patients, and patients' family members interrupt Patient Care Workers' meal periods at any time. Defendants also exercised and implemented policies that required Patient Care Workers, as a necessary part of their ethical obligations to their patients, to remain vigilant and responsive to the needs of their patients

-20-

throughout their entire shift, including during unpaid meal periods. Under this policy, Defendants required Plaintiff and Collective members to be available to work and/or to be on duty during their unpaid meal periods. As a result, Plaintiff and Collective members performed work during their unpaid meal periods for which they were not compensated.

77.     Plaintiff and Collective members have been harmed as a direct and proximate result of Defendants' unlawful conduct because they have been deprived of overtime and other wages owed for hours worked and from which Defendants derive a direct and substantial benefit.

78.     Defendants cannot satisfy their burden of proof to demonstrate Plaintiff and Collective members receive *bona fide* meal periods.

79.     Defendants violate and continue to violate the FLSA when they it fails to pay Plaintiff and Collective members under 29 U.S.C. § 207 as non-exempt employees. Because of these violations, Plaintiff and Collective members have suffered a loss of wages.

80.     Defendants' failure to pay overtime to Plaintiff and Collective members, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Accordingly, a three-year limitations period should apply to Plaintiff's and Collective members' claims.

81.     Because of Defendants' willful violation, Plaintiff and Collective members are also due an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

82.     Plaintiff and Collective members are further entitled to reasonable attorneys' fees and costs of the action in addition to any judgment awarded.

-21-

## SECOND CAUSE OF ACTION
### Violations of 29 U.S.C. § 207
### Failure to Pay Overtime Compensation for "Off-the-Clock" Work
### (FLSA Collective Action)

83.    Plaintiff incorporates all allegations contained in the foregoing paragraphs.

84.    Throughout the relevant time period, Defendants suffered and/or permitted Plaintiff to work additional time outside of her shift for work-related tasks. These tasks included, but are not limited to, conducting shift change reports, monitoring patients, assisting hospital personnel, reviewing or completing charting, preparing for her shift, and other tasks or services for Defendants' benefit.

85.    Plaintiff and Collective members were actively discouraged from logging time outside the parameters set by Defendants. However, due to the demands of the job, Plaintiff and Collective members routinely performed work-related tasks outside of their scheduled shift, before and/or after clocking-in and/or after clocking -out. Upon information and belief, Defendants treat all putative Collective members similarly with respect to "off-the-clock" work.

86.    Defendants are and have been aware of this off-the-clock work because such work is due to the strict overtime policies Defendants set, and also because Plaintiff and other putative Collective members have informed their supervisors and other managerial employees of the systematic off-the-clock work problems.

87.    Accordingly, consistent with the policies and procedures Defendants set up, Plaintiff performed work for which she was not compensated. Defendants' policies and practices favor Defendants at the expense of Plaintiff and putative Collective members.

88.    Defendants violated and continue to violate the FLSA when they failed to pay Plaintiff and putative Collective members for "off-the-clock" work under 29 U.S.C. § 207 as non-exempt employees. Because of these violations, Plaintiff and putative Collective members suffered

-22-

wage losses during weeks where the total time worked (logged and unlogged) exceeded forty hours.

89.     Defendants' failure to pay overtime to Plaintiff and putative Collective members, is willful and not based on a good faith belief that their conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Accordingly, a three-year limitations period should apply to Plaintiff's and putative Collective members' claims.

90.     Because of Defendants' willful violation, Plaintiff and putative Collective members are also due an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

91.     Plaintiff and putative FLSA Class members are further entitled to reasonable attorneys' fees and costs of the action in addition to any judgment awarded.

<u>**THIRD CAUSE OF ACTION:**</u>
**Quantum Meruit**
**(Texas Class Action)**

92.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

93.     Plaintiff and Texas Class members performed valuable services for Defendants during their unpaid meal periods.

94.     These services have a reasonable value of no less than the agreed upon hourly rates of pay.

95.     Defendants accepted and retained the benefit of Plaintiff's and Texas Class members' performance of these valuable services.

96.     No written contract existed between Plaintiff and Defendants, or between Texas Class members and Defendants, regarding the provision of services during unpaid meal periods.

-23-

97. Defendants have reasonable notice and/or knowledge that Plaintiff and Texas Class members expected to be compensated for services rendered for Defendants.

98. Defendants failed to pay Plaintiff and Texas Class members the reasonable value of the services performed during unpaid meal periods.

99. Plaintiff and Texas Class members are entitled to recover damages under this claim for the last four years, to the extent same does not overlap with or duplicate the FLSA damages alleged herein.

100. Plaintiff and Texas Class members are entitled to attorneys' fees and costs under this claim pursuant to Texas Civil Practice and Remedies Code § 38.001.

## FOURTH CAUSE OF ACTION:
### Money Had and Received
### (Texas Class Action)

101. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

102. Defendants received money from its patients and their agents for the work performed by Plaintiff and Texas Class members during their unpaid meal periods, while Defendants refused to pay Plaintiff and Texas Class members for such work.

103. Defendants hold money that in equity and good conscience belongs to Plaintiff and Texas Class members due to Defendants' refusal to pay Plaintiff and Texas Class members for all hours worked.

104. Plaintiff and Texas Class members are entitled to recover damages under this claim to the extent those damages do not overlap with or duplicate the FLSA damages alleged herein.

## FIFTH CAUSE OF ACTION:
### Unjust Enrichment
### (Texas Class Action)

105.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

106.     Defendants have been unjustly enriched at the expense of Plaintiff and Texas Class members by refusing to pay for work Plaintiff and Texas Class members performed during unpaid meal periods.

107.     Defendants knowingly and/or intentionally accepted the benefit of the work performed by Plaintiff and Texas Class members during unpaid meal periods, despite Defendants' policy and practice of failing to pay Plaintiff and Texas Class members for such work. In particular, Defendants received the benefit of the labor and services provided to Defendants' customers (patients) by Plaintiff and Texas Class members.

108.     Such wrongful conduct demonstrates bad faith and undue advantage on the part of Defendants.

109.     It would be unjust and inequitable for Defendants to retain the benefit of the unpaid work Plaintiff and Texas Class members performed.

110.     Defendants should be ordered to disgorge those benefits to Plaintiff and the Texas Class.

## RELIEF SOUGHT

111.     Plaintiff and Collective members are entitled to recover their unpaid overtime wage compensation pursuant to the FLSA.

112.     Plaintiff and Collective members are also entitled to an amount equal to all of their unpaid wages due under the FLSA as liquidated damages.

113.     Plaintiff and Collective members are entitled to recover attorneys' fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

114.     Plaintiff and Texas Class members are entitled to recover damages flowing from the reasonable value of the services they provided, all monies held by Defendants that rightfully belong to Plaintiff and Texas Class members, the value by which Defendants were unjustly enriched by receiving the unpaid labor, costs, pre-judgment and post-judgment interest as provided by Texas law, and such other relief the Court deems fair and equitable (to the extent same does not duplicate or overlap with the damages owed pursuant to the FLSA).

## JURY DEMAND

115.     Plaintiff hereby requests a jury trial on all claims and issues for which Plaintiff is entitled to a jury.

## PRAYER

116.     For these reasons, Plaintiff, Class and Collective members respectfully request that judgment be entered in their favor awarding the following relief:

i.   An order preventing Defendants from retaliating in any way against Plaintiff and any putative Class or Collective member who joins or elects not to opt-out of the present suit based on their pursuit of these claims alleged herein;

ii.  An order designating this action as a collective action on behalf of the Collective and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

iii. An order finding Defendants violated the FLSA willfully;

-26-

iv. An order awarding Plaintiff and the Collective all unpaid overtime wages due under the FLSA with post judgment interest thereon;

v. An order awarding Plaintiff and the Collective an equal amount as liquidated damages as allowed under the FLSA;

vi. An order awarding Plaintiff and the Collective prejudgment interest to the extent liquidated damages are not awarded under the FLSA;

vii. An order awarding Plaintiff and the Collective reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA;

viii. An order certifying this case as a Class Action under Rule 23 of the Federal Rules of Civil Procedure for all state-law causes of action asserted;

ix. An order finding that Defendants violated Texas law;

x. An order awarding Plaintiff and the Texas Class all unpaid regular wages due under Texas law to the extent same does not duplicate regular wages due under the FLSA;

xi. An order awarding Plaintiff and the Texas Class all unpaid overtime wages due under Texas law to the extent same does not duplicate overtime wages due under the FLSA;

xii. An order awarding Plaintiff and the Texas Class disgorgement of Defendants' ill-gotten gains as described herein;

xiii. An order awarding Plaintiff and the Texas Class all costs and disbursements as provided by Texas law;

xiv.  An order awarding Plaintiff and the Texas Class pre- and post-judgment interest as provided by Texas law; and

xv.  Such other and further relief to which Plaintiff, Class and Collective members may be entitled at law or in equity.


Dated: May 5, 2023

*/s/ Ori Edelstein*
Carolyn H. Cottrell (Cal. Bar No. 166977)
(admitted *pro hac vice*)
Ori Edelstein (Cal. Bar No. 268145)
(admitted *pro hac vice*)
Robert E. Morelli, III (Tenn. Bar No. 037004)
SCHNEIDER WALLACE COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
rmorelli@schneiderwallace.com

David W. Garrison (Tenn. Bar No. 24968)
Joshua A. Frank (Tenn. Bar No. 33294)
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Philips Plaza
414 Union Street, Suite 900
Nashville, Tennessee 37219
Tel: (615) 244-2202; Fax: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com

*Counsel for Plaintiff, Class, and Collective Members*

-28-

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on, a copy of the foregoing First Amended Complaint was filed electronically and served to all parties of record by operation of the Court's CM/ECF electronic filing system. I further certify that I served a true and correct copy of the foregoing instrument on Defendants' known counsel of record via email per the Parties' Electronic Service Agreement and pursuant to Fed. R. Civ. Proc. Section 5(b)(2)(E), as follows:

Andrew S. Naylor, TN Bar No. 017128
Mark W. Peters, TN Bar No. 018422
Frederick L. Conrad III, TN Bar No. 032043
Flynne M. Dowdy, TN Bar No. 035926
Annie Bailey
Renee Boswell-Stangel
HOLLAND & KNIGHT LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
Email: andy.naylor@hklaw.com
        markwpeters@hklaw.com
        trip.conrad@hklaw.com
        flynne.dowdy@hklaw.com
        annie.bailey@hklaw.com
        renee.boswell@hklaw.com

*Counsel for Defendants*

*/s/ Ori Edelstein*
Ori Edelstein

-29-