UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AMY HAMM, on behalf of herself and all others similarly situated, | Case No. 3:21-cv-00550 |
| *Plaintiff*, | JUDGE CAMPBELL |
| v. | MAGISTRATE JUDGE FRENSLEY |
| ACADIA HEALTHCARE CO., INC., and ACADIA MANAGEMENT COMPANY, LLC, | |
| *Defendants*. | |

**MEMORANDUM IN SUPPORT OF MOTION TO MODIFY CASE MANAGEMENT ORDER**

Plaintiff, through counsel, hereby submits this Memorandum of Law in support of her Motion to Modify Case Management Order ("Plaintiff's Motion"). Plaintiff's Motion should be granted because compliance with the operative case management deadlines is not feasible due to Defendants' unjustified failure to meaningfully participate in and respond to discovery. Good cause therefore exists for the Court to extend the discovery deadline and the FLSA notice motion deadline until three (3) and four (4) months, respectively, after Magistrate Judge Frensley concludes the anticipated Discovery Dispute Conference.

Plaintiff's counsel conferred with Defendant Acadia Healthcare Co., Inc.'s ("AHC") and Acadia Management Company, LLC's ("AMC") counsel regarding this Motion. Defendants oppose this request relief.

### I. STANDARD OF REVIEW

Once a scheduling order is issued, Fed. R. Civ. P. 16(b)(4) provides that it "may be modified

1

only for good cause and with the judge's consent." The rule exists "to ensure that at some point both the parties and the pleadings will be fixed." *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (citations and quotations omitted). "Good cause" means the original deadline "cannot reasonably be met despite diligence and that the opposing party will not suffer prejudice by virtue of the amendment." *Ross v. Am. Red Cross*, 567 F. App'x 296, 306 (6th Cir. 2014) (citing *Leary*, *supra*, at 906 (6th Cir. 2003)). Relevant factors for determining good cause include "'whether the need for additional discovery is due to the movant's neglect, and whether there exist other persuasive reasons (such as prejudice to the non-moving party)" not to extend discovery. *See EEOC v. Ohio State Univ.*, No. 2:20-cv-04624, 2021 U.S. Dist. LEXIS 203795, at *2 (S.D. Ohio Oct. 22, 2021) (quoting *Romans v. Ford Motor Co.*, No. 2:16-CV-68, 2021 U.S. Dist. LEXIS 73542, at *2 (S.D. Ohio Apr. 16, 2021)); *Pasionek v. Pasionek*, No. 1:21-cv-12651, 2023 U.S. Dist. LEXIS 170704, at *3 (E.D. Mich. Apr. 19, 2023) (citing *Williams v. AK Steel Dearborn Works*, No. 2:17-CV-11394, 2019 U.S. Dist. LEXIS 2132, at *1 (E.D. Mich. Jan. 7, 2019)). ("Courts also consider when the moving party learned of the discovery issue, the length of discovery, whether the moving party was dilatory, and whether the nonmoving party responded to discovery requests.") "The overarching inquiry in these overlapping factors is whether the moving party was diligent in pursuing discovery." *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010).

## II. FACTS

The operative Complaint in this matter was filed on February 20, 2024 (ECF No. 94). The operative Scheduling Order was issued on April 10, 2024. (ECF No. 100). Plaintiff served her First Set of Interrogatories on Defendant AMC on May 6, 2024. Declaration of Robert E. Morelli, III ("Morelli Decl."), attached as **Exhibit A,** at ¶ 3. Plaintiff served her First Set of Requests for Production on Defendant AMC on June 13, 2024. *Id.* AMC provided its (unverified) responses to

Plaintiff's Interrogatories on June 12, 2024. *Id.* at ¶ 4. AMC did not provide its verification of the Interrogatories responses until June 20, 2024, at 5:24 PM. *Id.* at ¶ 5. It provided its response to Plaintiff's Requests for Production on July 15, 2024. Morelli Decl. at ¶ 6.

The undersigned sent Defendants' counsel a letter pursuant to Fed. R. Civ. P. 37 on June 13, 2024, informing them of various deficiencies with AMC's responses. Plaintiff's Fed. R. Civ. P. 37 Letter, attached as **Exhibit B**. Defendants' counsel provided their written response on June 20, 2024. Defendants' Response to Fed. R. Civ. P. 37 Letter, attached as **Exhibit C.** The next day, Plaintiff's counsel requested Defendants' counsel provide their availability for a call to discuss this discovery dispute, as was required by the operative Case Management Order. Morelli Decl., at ¶ 7. The Parties held their first telephonic meet and confer conference regarding this dispute on June 28, 2024. *Id.* at ¶ 8. On that call, the Parties were able to tentatively resolve a dispute regarding Interrogatory No. 2. However, counsel was unable to reach any other agreements. *Id*. Plaintiff's counsel then prepared and circulated a draft Discovery Dispute Statement on July 19, 2024. Morelli Decl. at ¶ 9. In the interim, Plaintiff's counsel took two (2) Fed. R. Civ. P. 30(b)(6) depositions on July 12, 2024, and July 18, 2024. *Id*. In one of those depositions, Defendant AMC's representative readily admitted that he took no effort to obtain the information necessary to testify as to several of the noticed topics. *See* Discovery Dispute Statement (ECF No. 103), at pp. 5-7, 13-14. **Defendants filed their answer to the operative Complaint on July 22, 2024, over five (5) months after the First Amended Complaint was filed and only after Plaintiff deposed Defendant AMC's Fed. R. Civ. P. 30(b)(6) representatives.** (ECF No. 101-102).

Counsel then further conferred via Teams video conferencing regarding the instant dispute on July 24, 2024. Morelli Decl., at ¶ 10. Defendants provided their final edits to the Discovery Dispute Statement on July 29, 2024. *Id.* at ¶ 11. The Statement was filed that same day. (ECF No. 103). Magistrate Judge Frensley issued an Order on August 5, 2024, requiring the Parties to

conduct additional, in-person meet and confer efforts. (ECF No. 104). Given prior commitments and the travel required by Plaintiff's counsel to attend an in-person meeting in Nashville, Tennessee, the Parties were not able to hold this conference until August 30, 2024. Unopposed Motion to Continue Meet and Confer Deadline (ECF No. 105); Joint Status Report (ECF No. 108) at 3. As explained in the Parties' Status Report (ECF No. 108), counsel met and conferred for over an hour, but were unable to resolve most disputed issues. **To date, Defendant AMC has never provided Fed. R. Civ. P. 26 initial disclosures**.

### III. PENDING AND POTENTIALLY AFFECTED DEADLINES.

As set forth in the operative Case Management Order (ECF No. 103), this Motion must include

> (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date.

Here, the Parties and the Court anticipated a bifurcated schedule and, thus, no trial deadlines are set. *See id*., at 6-7. As such, by default, the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. The only deadlines presently set are Phase I discovery (September 20, 2024); Plaintiff's Renewed Motion for FLSA Notice (October 20, 2024); and Defendants' Renewed Motion for Summary Judgment on the Question of Joint Employer Status (October 20, 2024).

### IV. ARGUMENT

Due to Defendants' evasive and unreasonable discovery tactics, Plaintiff will be prejudiced if the discovery period is not extended and she is forced to move for distribution of FLSA notice

by the present October 20, 2024, deadline. This is through no fault of her own, as Plaintiff promptly issued discovery and tried to resolve these discovery deficiencies. Moreover, Defendants will not be prejudiced, and this Motion is necessitated by their improper discovery conduct. Plaintiff there proposes a reasonable extension of these deadlines: both the discovery deadline and the motion deadline should be extended until three (3) and four (4) months respectively after Magistrate Judge Frensley concludes the anticipated Discovery Dispute Conference.

    a. **Plaintiff Acted Diligently in Discovery.**

Plaintiff diligently sought the discovery she needs to file her Renewed Motion for FLSA Notice. As noted above, Plaintiff served her First Set of Interrogatories on Defendant AMC less than a month after the Case Management Order was issued. This fact alone exemplifies Plaintiff's diligence. *See Pasionek*, 2023 U.S. Dist. LEXIS 170704 at *3*; *Dan C. v. Anthem Blue Cross Life & Health Ins. Co.*, No. 2:22-cv-03647-FLA (AFMx), 2023 U.S. Dist. LEXIS 183260, at *3-4 (C.D. Cal. Jan. 17, 2023) (plaintiff was diligent when discovery was served approximately one month after the entry of the scheduling order.); *Woodway USA, Inc. v. Lifecore Fitness, Inc.*, No. 22CV492-JO (BLM), 2024 U.S. Dist. LEXIS 36434, at *9 (S.D. Cal. Mar. 1, 2024) (diligence criteria satisfied when discovery was served two months after the entry of the scheduling order.); *Vanguard Dealer Servs., LLC v. Bottom Line Driven, LLC*, No. 3:21CV00659(SALM), 2022 U.S. Dist. LEXIS 76329, at *7 (D. Conn. Apr. 27, 2022) (diligence met when discovery was served three months after scheduling order was entered).

Plaintiff also diligently noticed (and took) two Fed. R. Civ. P. 30(b)(b)(6) depositions. While these depositions occurred July 12, 2024, and July 18, 2024, Plaintiff's counsel asked Defendants' counsel for mutually agreeable dates for said depositions as early as May 15, 2024. *See* May 15, 2024, Email Correspondence, attached as **Exhibit D.** However, Defendants refused to offer or agree to dates for these depositions until June 28, 2024. Morelli Decl. at ¶ 12.

5

Moreover, on July 25, 2024, after receiving Defendants' obstructionist discovery responses, Plaintiff subpoenaed Starlite Recovery Center, LLC and HMIH Cedar Crest, two of the facilities where putative class and collective members worked, seeking documents and testimony relevant to Plaintiff's Renewed Motion for FLSA Notice. *See* Starlite and HMIH Subpoenas, attached hereto as **Exhibit E**. Defendants' counsel, as representatives of these facilities, then served responses to the subpoenas, indicating that they would refuse to produce any documents or appear for a deposition.[1] These subpoenas were re-served on August 19, 2024, and Defendants' counsel served nearly identical objections. *See* Starlite and HMIH Responses to Revised Subpoenas, attached as **Exhibit F.**

### b. Defendants Failed to Meaningfully Respond to Discovery.

Despite being timely served with reasonable discovery requests and deposition notices, Defendants failed to comply with their discovery obligations, including those pursuant to Fed. R. Civ. P. 30(b)(6). This factor heavily cuts in favor of granting this Motion. *See Pasionek*, 2023 U.S. Dist. LEXIS 170704 at *3 (citation omitted) (relevant factors include whether the nonmoving party responded to discovery requests).

### i. *AMC denied Plaintiff discovery with baseless and unsubstantiated objections.*

Despite being timely served with reasonable discovery requests and deposition notices, Defendants failed to comply with their discovery obligations, including those pursuant to Fed. R. Civ. P. 30(b)(6). As more thoroughly discussed in the Joint Discovery Dispute Statement (ECF No. 103) at pp. 3-13, AMC's discovery responses are replete with threadbare and unsubstantiated claims of burden and disproportionality. Yet AMC testified that it **did not perform any analysis**

---

[1] Defendants' counsel also noted some procedural issues with the original subpoenas, such as the process server failing to tender a witness fee, which were later resolved.

**or evaluation** to ascertain the time or cost it would take to provide responsive information to any interrogatory. AMC Dep. (ECF No. 103-3) at 172:2-173:14. This was required. A party cannot simply cry burden and be absolved of its discovery responses; it must provide evidence, typically in the form of affidavits, detailing the purported burden. *Univ. of Tenn. Rsch. Found. v. Caelum Biosciences, Inc.*, No. 3:19-CV-508-CEA-JEM, 2022 U.S. Dist. LEXIS 241010, at *16-17 (E.D. Tenn. July 1, 2022); *Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 569 F.Supp.3d 626, 634 (E.D. Mich. 2021) (quoting *Cratty v. City of Wyandotte*, 296 F.Supp.3d 854, 859 (E.D. Mich. 2017) ("'A party objecting to a request for production of documents as burdensome must submit affidavits or other evidence to substantiate its objections.'").

AMC also refused to answer discovery based on its meritless "employer" objections, failing to recognize the scope of its discovery obligations. It has a duty to respond with information available to it. *See* 8B Fed. Prac. & Proc. Civ. § 2177 (3d ed.) ("a party is charged with knowledge of what its agents know, or what is in records available to it, or even, for purposes of Rule 33, information others have given it on which it intends to rely in its suit."); Yet it **did not even try** to obtain responsive information to any interrogatory or to prepare for the Fed. R. Civ. P. 30(b)(6) deposition, despite being able to do so by simply emailing the facility CEOs. *See, e.g.,* AMC Dep. (ECF No. 103-3) at 46:10-11; 61:7-18; 77:11-21; 93:21-94:7; 106:4-18; 112:1-8; 115:7-117:4; 125:12-14; 125:21-126:5; 152:19-153:10; 165:22-166:11; 169:6-170:12; 174:11-175:1.

### ii. *Defendants manufactured subpoena requirements to deny Plaintiff discovery.*

At the Parties' August 30, 2024, meet and confer conference, Defendants' counsel ironically suggested that much of the information Plaintiff seeks in her discovery requests is better sought from the facilities themselves. Morelli Decl., at ¶ 13. The undersigned then pointed out that Plaintiff attempted to subpoena this information; the facilities, on Defendants' advice, refused to

7
Case 3:21-cv-00550     Document 110     Filed 09/10/24     Page 7 of 14 PageID #: 2410

comply. Morelli Dec., at ¶ 14. Defendants' counsel then reasserted their position that Plaintiff had an obligation to provide detailed information about the lawsuit so that the facilities can prepare a witness to testify, as well as provide information about this matter's relevance to the facilities, and information as to what steps counsel took to avoid imposing undue burden or expense *See* Starlite Recovery Center, LLC's Letter Regarding Subpoenas for Deposition and Production of Documents, **Exhibit F.**

Of course, these purported requirements are not in the pertinent Federal Rule. *See* Fed. R. Civ. P. 45. The subpoenas need only designate and specify—with a reasonable degree of certainty and particularity—the documents sought. *See Rowe v. 3C Med.*, No. 5:24-CV-P82-JHM, 2024 U.S. Dist. LEXIS 106014, at *6 n.2 (W.D. Ky. June 14, 2024); *United States v. Bartko*, No. 5:09-CR-321-D, 2012 U.S. Dist. LEXIS 201374, at *5 (E.D.N.C. Mar. 29, 2012). These subpoenas were extremely detailed and identified very specific categories of documents to be produced. *See, e.g.*, **Ex. E**. At any rate, Plaintiff's counsel thereafter asked Defendants' counsel if Plaintiff addressed their (manufactured) concerns if the facilities would comply with the subpoenas. Defendants' counsel would not so commit. Morelli Decl. at ¶ 15.

### iii. *AMC did not comply with Fed. R. Civ. P. 30(b)(6).*

Continuing their campaign of obstruction and questionable litigation tactics, Defendants again denied Plaintiff necessary discovery by failing to comply with Fed. R. Civ. P. 30(b)(6). AMC was required to designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." Fed. R. Civ. P. 30(b)(6). Yet, as noted above, it did not even try to obtain responsive information to any interrogatory or to prepare for the Fed. R. Civ. P. 30(b)(6) deposition, despite being able to do so by simply emailing the facility CEOs. *See, e.g.,* AMC Dep. (ECF No. 103-3) at 46:10-11; 61:7-18; 77:11-21; 93:21-94:7; 106:4-18; 112:1-8; 115:7-117:4; 125:12-14;

125:21-126:5; 152:19-153:10; 165:22-166:11; 169:6-170:12; 174:11-175:1. Instead, Plaintiff's counsel was met over and over again with "I don't know" answers. *See id.*

> iv. **Defendant AMC never provided initial disclosures and both Defendants filed their Answers months late and only after Plaintiff deposed AMC.**

Rule 26 initial disclosures are an important part of discovery. They ensure that parties are provided with "'information as to the identification and location of persons with knowledge, so that they can be contacted in connection with the litigation.'" *El Camino Res., Ltd. v. Huntington Nat'l Bank*, No. 1:07-cv-598, 2009 U.S. Dist. LEXIS 36704, at *11 (W.D. Mich. Apr. 30, 2009) (quoting *Biltrite Corp. v. World Road Markings, Inc.*, 202 F.R.D. 359, 362 (D. Mass. 2001)). The disclosures "'accelerate the exchange of basic information, rather than admissible evidence, and [] assist the parties in focusing and prioritizing their organization of discovery.'" *Roane Cnty. v. Jacobs Eng'g Grp., Inc.*, No. 3:19-CV-206-TAV-HBG, 2020 U.S. Dist. LEXIS 161416, at *8 (E.D. Tenn. Sep. 3, 2020) (citation omitted).

Despite the important role these disclosures serve, AMC **has never** provided them despite being due **months** ago. Morelli Decl., at ¶ 16. The Rule provides that a "party that is first served or otherwise joined after the Rule 26(f) conference must make the initial disclosures within 30 days after being served or joined, unless a different time is set by stipulation or court order." Fed. R. Civ. P. 26(a)(1)(D). This means AMC's initial disclosures were due on March 21, 2024. *See* First Am. Compl. (ECF No. 94). Yet AMC has never provided them, thereby denying Plaintiff basic information she can use to focus and prioritize the organization of her discovery.

Defendants also hamstrung Plaintiff's deposition of AMC by filing their Answers only after the AMC deposition. Plaintiff was thus unable to explore any of the affirmative defenses of other details set forth in AMC's Answer at its deposition. Moreover, this is the **second** time Defendants were delinquent in filing an answer. *See* Answer (ECF No. 59).

### c. **<u>Plaintiff Promptly Sought Relief Upon Learning of the Discovery Issues</u>**.

Plaintiff almost immediately began to address Defendants' discovery differences once learning of them. As noted above, the undersigned informed Defendants' counsel of these deficiencies **the day after** receiving AMC's interrogatory responses. Plaintiff's counsel also promptly asked Defendants for their availability to meet and confer on these issues. *See supra* at 2-3. Once the Parties were able to confer, Plaintiff timely submitted a Discovery Dispute Statement. (ECF No. 103). Plaintiff also hoped that these Motion would be obviated by the anticipated Discovery Dispute Conference with Magistrate Judge Frensley, but that has yet to occur, given the Parties' several meet and confer efforts, including the most recent meeting, which required a full day of travel for Plaintiff's counsel. Moreover, this Motion is filed more than seven (7) days in advance of the September 20, 2024, discovery deadline, thereby complying with the Case Management Order and the Local Rules. *See* Case Management Order (ECF No. 100) at 8. Thus, Plaintiff promptly sought relief upon learning of these discovery issues.

### d. **<u>Defendants Will Not be Prejudiced if this Motion is Granted, While Plaintiff Will be Severely Prejudiced if it is Denied.</u>**

Plaintiff will be severely prejudiced if this Motion is denied. The Sixth Circuit recently imposed a heighted standard of FLSA plaintiffs seeking to send notice of a pending collective action to similarly situated individuals. *See Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003 (6th Cir. 2023). *Clark* imposed a preliminary injunction standard, requiring Plaintiff to demonstrate a "'strong likelihood' that employees are similarly situated to the plaintiffs themselves." *Id.* at 1011. Post *Clark*, courts have found that this increased burden warrants a broader scope of pre-notice discovery. *See Jones v. Ferro Corp.*, No. 1:22-cv-00253-JDA, 2023 U.S. Dist. LEXIS 118415, at *16-17 (N.D. Ohio July 11, 2023) ("'[g]iven the heightened standard that the Sixth Circuit has now imposed on FLSA plaintiffs . . . it would be unreasonable to expect

10

Plaintiff to satisfy that burden while at the same time denying Plaintiff information about potential opt-in plaintiffs that could assist Plaintiff in satisfying his burden."); *McCall v. Soft-Lite L.L.C.*, No. 5:22-CV-816, 2023 U.S. Dist. LEXIS 133548, at *9 (N.D. Ohio Aug. 1, 2023) (plaintiff should, at the very least be entitled to learn the [contact information] of other employees who are (or were) required by their jobs to perform the same categories of activities delineated in . . . the complaint as being violations of the FLSA."); *Rashad v. Mason's Prof'l Cleaning Serv., Ltd. Liab. Co.*, No. 2:22-cv-02635-JTF-tmp, 2023 U.S. Dist. LEXIS 139807, at *11 (W.D. Tenn. Aug. 10, 2023) (plaintiff "are, of course, free to move for specific discovery regarding the 'similarly situated' inquiry."); *Kane v. Nat'l Action Fin. Servs.*, No. 11-11505, 2012 U.S. Dist. LEXIS 66219, at *16 (E.D. Mich. May 11, 2012) (quoting *Del Campo v. Kennedy*, 236 F.R.D. 454, 459 (N.D.Cal. 2006)) (the names, addresses, and telephone numbers of putative class members are discoverable as it is "both relevant to Plaintiff's class action claims . . . and such disclosure is 'a common practice in the class action context.'"); *Nixon v. Anthem, Inc.*, No. 3:19-cv-00076-GFVT, 2021 U.S. Dist. LEXIS 168382, at *18 (E.D. Ky. Sep. 1, 2021) (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011)).

Plaintiff already must comply with *Clark's* heightened preliminary injunction standard. If this Motion is denied, then what is already a heighted standard will become even more difficult to meet. Plaintiff promptly sought the discovery she needs to satisfy *Clark*, and Defendants improperly denied Plaintiff this evidence. Defendants should not be able to benefit from their improper discovery tactics.

However, Defendants will not be prejudiced if this Motion is granted. Trial has not been set and, thus, will not be impacted by any extension. Defendants also have hardly conducted any discovery, and the Court anticipated a second period of discovery regardless of this Motion. *See* Case Management Order (ECF No. 100) at 6-7 (discussing bifurcation). Defendants may claim

that the requested extension results in additional costs, time, inconvenience, and expenses. Yet "[c]osts to accomplish discovery authorized under the rules is simply not unfairly prejudicial." *I.B. v. Olentangy Local Sch. Dist. Bd. of Educ.*, No. 2:16-cv-837, 2018 U.S. Dist. LEXIS 55458, at *6 (S.D. Ohio Mar. 28, 2018). Simply put – Defendants will not be prejudiced if this Motion is granted.

### e. The Proposed Extension Length is Reasonable.

Plaintiffs' proposed extension of the discovery deadlines and FLSA notice motion three (3) and four (4) months respectively after Magistrate Judge Frensley concludes the anticipated Discovery Dispute Conference is reasonable as it allows sufficient time for Defendants to produce (and Plaintiff to analyze) any supplemental production that may be ordered. It also provides time to conduct any depositions that may be warranted based on any supplemental production.

### V. CONCLUSION

Good cause exists to modify the operative Case Management Order and all relevant factors indicate that this Motion should be granted. Plaintiff diligently sought discovery and promptly sought to address Defendants' discovery deficiencies. Defendants also improperly withheld discovery and will not be prejudiced if this Motion is granted. Plaintiff, however, will be significantly prejudiced if this Motion is denied. Finally, Plaintiff's proposed extension is reasonable, not excessive, and provides sufficient time to address the pending discovery issues.

Dated: September 10, 2024

*/s/ Robert E. Morelli, III*
David W. Garrison (Tenn. Bar No. 24968)
Joshua A. Frank (Tenn. Bar No. 33294)
BARRETT JOHNSTON
MARTIN & GARRISON, LLC
Philips Plaza
414 Union Street, Suite 900
Nashville, Tennessee 37219
Tel: (615) 244-2202; Fax: (615) 252-3798
dgarrison@barrettjohnston.com

jfrank@barrettjohnston.com

Carolyn H. Cottrell (*Pro Hac Vice*)
Ori Edelstein (*Pro Hac Vice*)
Robert E. Morelli, III
(Tenn. Bar No. 037004)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
rmorelli@ schneiderwallace.com

*Counsel for Plaintiff, Class, and Collective Members*

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2024, a copy of the foregoing Memorandum in Support of Plaintiff's Motion to Modify was filed electronically and served to all parties of record by operation of the Court's CM/ECF electronic filing system. I further certify that I served a true and correct copy of the foregoing instrument on Defendants' known counsel of record via email per the Parties' Electronic Service Agreement and pursuant to Fed. R. Civ. Proc. Section 5(b)(2)(E), as follows:

    Frederick L. Conrad III
    Flynne Dowdy
    Matthew A. Caplan
    Annie Bailey
    Renee Boswell-Stangel
    HOLLAND & KNIGHT LLP
    511 Union Street, Suite 2700
    Nashville, Tennessee 37219
    Telephone: (615) 244-6380
    Facsimile: (615) 244-6804
    Email: trip.conrad@hklaw.com
          flynne.dowdy@hklaw.com
          annie.bailey@hklaw.com
          renee.boswell@hklaw.com

*Counsel for Defendants*

                                                          */s/ Robert E. Morelli, III*