IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AMY HAMM, on behalf of herself and others similarly situated, ) ) ) | |
| Plaintiff, ) ) | NO. 3:21-cv-00550 |
| v. ) ) | JUDGE CAMPBELL MAGISTRATE JUDGE FRENSLEY |
| ACADIA HEALTHCARE CO., INC., ) ) | |
| Defendant. ) | |

## MEMORANDUM

Pending before the Court is Plaintiff Amy Hamm's ("Hamm") Motion for Distribution of Notice Pursuant to 29 U.S.C. § 216(b). (Doc. No. 117). For the reasons set forth below, the motion will be **GRANTED**.

### I. FACTUAL BACKGROUND

Defendant Acadia Healthcare Co., Inc. ("Acadia") owns, operates, and manages numerous hospitals and healthcare facilities throughout the country. (Doc. No. 118 at PageID # 2520-2521). Hamm was employed as a nurse across multiple Acadia locations and states. (*Id.* at PageID # 2520). Hamm brings this collective action against Acadia on behalf of herself and other former and current employees of Acadia for alleged wage and hour violations under the Fair Labor Standards Act ("FLSA"). Hamm alleges that Acadia "denied [Hamm and similarly situated class and collective members] payment for hours worked, including overtime, and denied *bona fide* meal periods" and that Acadia's policies and practices fail "to properly compensate non-exempt employees for hours worked during meal periods." (Doc. No. 94 ¶ 1). Hamm states that she is similarly situated to potential collective members because they were each subjected to Acadia's uniform timekeeping, meal and rest break, overtime, and Code of Conduct policies. (Doc. No. 118

at PageID # 2524). Hamm also contends that she is similarly situated to potential collective members because they perform similar duties, are subjected to the same relevant employment policies and procedures, and share a common duty of care. (*Id.* at PageID # 2527, 2530-2533). Hamm has moved the Court to issue court-supervised notice to the following individuals:

> All current and former hourly, non-exempt employees involved with patient care, including but not limited to nursing staff, nurses, nursing assistants, nurse aides, technicians, clerks, non-exempt therapists, or other non-exempt employees with similar job duties employed at any facility owned and/or operated by Defendants from July 27, 2018 until resolution of this action (the "Collective").

(*Id.* at PageID # 2519-2520). Hamm also requests that the Court issue an order equitably tolling the statute of limitations for the proposed collective members as of the date of filing the original Complaint. Acadia did not file a response to Hamm's motion.

## II. STANDARD OF REVIEW

A collective action hinges on "employees receiving accurate and timely notice concerning [its] pendency ... so that they can make informed decisions about whether to participate." *Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). "[F]or a district court to facilitate notice of an FLSA suit to other employees, the plaintiffs must show a 'strong likelihood' that those employees are similarly situated to the plaintiffs themselves." *Clark v. A&L Homecare and Training Ctr., LLC*, 68 F.4th 1003, 1011 (6th Cir. 2023). "That standard requires a showing greater than the one necessary to create a genuine issue of fact, but less than the one necessary to show a preponderance." *Id.* After notice has issued, employees have opted into the collective action, and discovery has continued, the district court determines—not conditionally, but conclusively— whether the collective members are in fact "similarly situated" to the original plaintiffs. *Id.* at 1010-11.

### III. ANALYSIS

**A. Proposed Collective Members**

Hamm requests that the Court authorize notice to the Collective, which includes all hourly employees at Acadia involved with patient care, including nursing staff, nurses, nursing assistants, nurse aides, technicians, clerks, non-exempt therapists, and other non-exempt employees with similar job duties employed at any facility owned and/or operated by Acadia.

Hamm contends that she is similarly situated to the proposed members of the Collective because they were each subjected to Acadia's uniform timekeeping, meal and rest break, overtime, and Code of Conduct policies; they perform similar duties; they are compensated in the same method; they are subjected to the same relevant employment policies and procedures; and they share a common duty of care. Hamm submitted declarations from herself and various opt-in plaintiffs describing their job duties, common policies and expectations, and understanding of the work performed by other hourly-paid patient care employees. (Doc. Nos. 58-3, 118-4, 118-5, 118-6, 118-7, 118-8).

"Whether other employees are similarly situated for the purpose of joining an FLSA suit typically depends on whether they performed the same tasks and were subject to the same policies—as to both timekeeping and compensation—as the original plaintiffs were." *Clark*, 68 F.4th at 1010. The Sixth Circuit considers the following factors to determine whether collective action members are similarly situated: "(1) the 'factual and employment settings of the individual[] plaintiffs'; (2) 'the different defenses to which the plaintiffs may be subject on an individual basis'; and (3) 'the degree of fairness and procedural impact of certifying the action as a collective action.'" *Isaacs v. Landmark Recovery of Louisville, LLC*, No. 3:23-CV-00210, 2023 WL 6096730, at *10 (M.D. Tenn. Sept. 18, 2023) (citing *Monroe v. FTS USA, LLC*, 860 F.3d 389, 397

(6th Cir. 2017)). Further, "Plaintiffs are similarly situated if they can demonstrate that they suffered from 'a single, FLSA-violating policy' instituted by the employer defendant, or if their 'claims [are] unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct.'" *Clark*, 68 F.4th at 1010 (internal citations omitted).

The Court finds that Hamm has provided facts sufficient to demonstrate that she is similarly situated to the proposed collective members by providing facts that they had similar duties relating to providing patient care services, were nonexempt employees paid on an hourly basis, and were all subject to Acadia's patient care, timekeeping, meal break, and overtime policies. Accordingly, the Court finds that Hamm has provided facts sufficient to warrant conditional certification at this stage.

**B. Plaintiffs' Proposed Notice**

The Court finds that Hamm's proposed notice (Doc. No. 118-14) appears to be "timely, accurate, and informative," as required. *Hoffmann–La Roche Inc.*, 493 U.S. 165 at 172. Hamm's proposed notice clearly informs proposed collective members of their rights and how they can elect to participate in the action. The notice provides notice of the pendency of the action and accurately describes Hamm's legal claims. The notice also accurately states that retaliation for participation in an FLSA action is prohibited by law. *See* 29 U.S.C. § 215(a)(3) (anti-retaliation provision).

Accordingly, the Court approves Hamm's proposed notice. Further, the Court approves the notice as to notice via mail, e-mail, and text message.

Hamm also seeks an order requiring Acadia to provide the names, last known mailing addresses, known email addresses, telephone numbers, dates of birth, dates of employment, and

work locations for each potential collective member. The Court finds that it is reasonable for Acadia to provide the requested information. Accordingly, within 14 days of the Court's order, Acadia must provide to Hamm's counsel an Excel spreadsheet containing the following information for each potential collective member: names, last known mailing addresses, known email addresses, telephone numbers, dates of birth, dates of employment, and work locations.

**C. Equitable Tolling**

Hamm also requests that the Court equitably toll the statute of limitations for the proposed collective members as of the date of filing the Complaint.

"Equitable tolling is an extraordinary remedy that is sparingly applied and concerns cases involving extraordinary circumstances." *Kutzback v. LMS Intellibound, LLC*, 233 F. Supp. 3d 623, 628 (W.D. Tenn. 2017) (internal citation omitted). "Because delays during the certification process often constitute extraordinary circumstances beyond plaintiffs' control, courts routinely authorize equitable tolling during the opt-in period." *Carlos Gomez v. D&M Bolanos Drywall, LLC,* No. 2:23-CV-02334, 2024 WL 2806479, at *3 (W.D. Tenn. May 31, 2024). When determining whether equitable tolling is justified, the Sixth Circuit considers: "1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness [in] remaining ignorant of the particular legal requirement." *Townsend v. Soc. Sec. Admin.,* 486 F.3d 127, 132 (6th Cir. 2007) (internal citation omitted).

With regard to the first factor, "courts evaluate whether potential plaintiffs have actual notice of a pending collective action, rather than whether they have notice merely of the facts and circumstances giving rise to the FLSA claims." *Gomez,* 2024 WL 2806479, at *4 (internal citations

omitted). Here, Hamm has not demonstrated that the potential collective members have actual notice of the pending action.

With regard to the second factor, "opt-in plaintiffs have constructive notice of a pending suit when they have 'knowledge that one using reasonable care or diligence should have.'" *Gomez,* 2024 WL 2806479, at *4 (internal citations omitted). Here, Hamm has not established that the potential collective members have constructive notice of the action.

With regard to the third factor, "potential plaintiffs are not expected to exercise any diligence in pursuing their claims until they have been provided notice." *Gomez,* 2024 WL 2806479, at *4 (internal citations omitted). Hamm filed her first motion for conditional certification on March 17, 2023. (Doc. No. 57). The Court denied Hamm's motion without prejudice to refiling due to the Sixth Circuit's opinion in *Clark v. A&L Homecare and Training Ctr., LLC*, 68 F.4th 1003, 1011 (6th Cir. 2023), which issued after Hamm filed her first motion. Hamm filed the pending motion on October 21, 2024. In the interim, the parties engaged in numerous discovery disputes. Hamm contends that the motion practice in this case has caused considerable delay, and that tolling is appropriate. The Court agrees and finds that Hamm has diligently pursued her claims against Acadia.

Further, with respect to the fourth factor "courts have found that defendants were not prejudiced by the tolling of the statute of limitations where they were on notice of the potential scope of their liability." *Gomez,* 2024 WL 2806479, at *4 (internal citations omitted). In the First Amended Complaint, Hamm alleged that she intended to represent:

> All current and former hourly, non-exempt employees involved with patient care, including but not limited to nursing staff, nurses, nursing assistants, nurse aides, technicians, clerks, nonexempt therapists, or other non-exempt employees with similar job duties employed at any facility operated by Defendant Acadia Healthcare Company, Inc. during the time period beginning July 27, 2018 until resolution of this action (the "Collective").

(Doc. No. 94 at PageID # 2031). Additionally, "as the keeper of the employment records, [Defendants are] presumably aware of the size of the potential Plaintiff pool and has had time to calculate the possible liability posed by the litigation." *Gomez,* 2024 WL 2806479, at *4 (internal citation omitted).

The Court finds that the above factors weigh in favor of equitably tolling the statute of limitations, and, accordingly, Hamm's request is granted. The statute of limitations for the proposed collective is tolled as of the date this action was filed.

## IV. CONCLUSION

For the reasons stated above, Hamm's Motion for Distribution of Notice Pursuant to 29 U.S.C. § 216(b) (Doc. No. 117) will be **GRANTED**.

An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE